# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ORTHOSIE SYSTEMS, LLC | § § | |
| v. | § § | Civil Action No. 4:16-CV-00995<br>Judge Mazzant |
| SYNOVIA SOLUTIONS, LLC | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Synovia Solutions, LLC's ("Synovia") Amended Motion for Leave to File Motion to Dismiss or Transfer Venue (Dkt. #24) and Motion for Leave to Amend Its Pending Motion to Dismiss Second Amended Complaint for Patent Infringement (Dkt. #28). The Court, having considered the relevant pleadings, finds that Synovia's motions should be denied.

## BACKGROUND

On December 31, 2016, Orthosie Systems, LLC ("Orthosie") sued Synovia for infringement of U.S. Patent No. 7,430,471 ("the '471 Patent") (Dkt. #1). Orthosie then filed an Amended Complaint (Dkt. #4) and a Second Amended Complaint (Dkt. #5). In response, Synovia filed its Motion to Dismiss Second Amended Complaint for Patent Infringement on March 17, 2017 (Dkt. #10). The basis for Synovia's motion to dismiss was failure to state a claim upon which relief can be granted under Rule 12(b)(6). Synovia made no assertion that venue was improper in that motion. After Synovia made this appearance, the Court issued an Order Governing Proceedings, setting the parties for an Initial Rule 16 Management Conference and establishing that "any motion to transfer shall be filed no later than twenty-one days before the Case Management Conference." On May 15, 2017, the parties entered into a Joint Report of Rule 26(f)

Conference, which stated, "[t]he Parties do not anticipate filing any motions to transfer. The Defendant may reevaluate its position on a transfer motion, depending on the anticipated ruling by the Supreme Court in the case captioned TC Heartland, LLC v. Kraft Foods Group Brands, LLC, Docket No 16-341 (oral argument held on March 27, 2017)." The Court held its Case Management Conference on June 9, 2017.

On May 23, 2017, after the Supreme Court issued its opinion in *TC Heartland LLC v. Kraft Food Brands Group LLC*, Synovia filed the present motion for leave arguing that the Supreme Court's new holding made venue improper in the Eastern District of Texas (Dkt. #24). After briefing was filed on Synovia's motion for leave, Synovia additionally filed its motion to amend its motion to dismiss (Dkt. #28).

**APPLICABLE LAW**

If venue is not proper in the district or division where the case is filed, the case may be dismissed under Federal Rule of Civil Procedure 12(b)(3). Alternatively, under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

However, Federal Rule of Civil Procedure 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move." *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982). Under Federal Rule of Civil Procedure 12(h)(1), "[a] party waives any defense listed in rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." FED. R. CIV. P. 12(h)(1)(A). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make

another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Accordingly, a party must assert any Rule 12(b)(3) motion that is available at the time it files any Rule 12 motion. *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys, LLC*, No. 2:15-cv-37, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) (citing *e.g.*, *Peacock v. Ins. & Bonds Agency of Tex., PLLC*, No. 3:12-CV-1710-D, 2012 WL 3702920, at *1 (N.D. Tex. Aug. 28, 2012)).

## ANALYSIS

Synovia filed its first Rule 12 motion on March 17, 2017, by filing a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. At that time, Synovia did not attempt to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue or make any argument that venue was improper. Thus, Synovia waived its defense to improper venue by failing to timely move or plead such a defense, assuming that such a defense was available at the time Synovia filed its 12(b)(6) motion. FED. R. CIV. P. 12(g)(2); FED. R. CIV. P. 12(h)(1)(A).

Moreover, courts have held that a defendant's conduct can constitute waiver. *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190, Dkt. #163 (E.D. Tex. July 11, 2017) (citing *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *1 (S.D. Cal. July 5, 2017); *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 WL 2152438, at *2 (N.D. Ill. May 17, 2017) ("Defendants gave every indication to Plaintiffs and this Court that they were defending the case on the merits here . . . [and therefore] waived and/or forfeited their argument that venue is improper . . . .")). In this litigation, Synovia's conduct suggested that it was defending this case on the merits, rather than challenging venue. *Id.*

3

Synovia filed a motion to dismiss based on failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which is a motion based on the merits of Orthosie's claim. Additionally, the Order Governing Proceedings states that "any motion to transfer venue shall be filed no later than twenty-one days before the Case Management Conference." The Court held the Case Management Conference on June 9, 2017, making motions to transfer venue due by May 19, 2017. Synovia filed its motion for leave to file a motion to dismiss or transfer venue on May 23, 2017, after the deadline to file motions to transfer. As such, not only was Synovia's motion late under Rule 12(h)(1) and Rule 12(g)(2), but it was also not filed timely according to the Order Governing Proceedings. Finally, prior to the deadline to file motions to transfer, the parties jointly represented that they did "not anticipate filing any motions to transfer" (Dkt. #22 at 5). In essence, this is an admission that Synovia considered venue proper and convenient in the Eastern District of Texas, at the time it made this representation. The Court notes that Synovia stated in the Rule 26(f) Report that it may reevaluate its position on a motion to transfer depending on the resolution of *TC Heartland*. Nevertheless, allowing a party to admit proper venue while reserving the right to contest venue later would run contrary to the purposes of Federal Rule of Civil Procedure 12(h) to promote efficiency and finality. *Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Tiernan v. Dunn*, 295 F. Supp. 1253, 1256 (D.R.I. 1969)). It also runs contrary to the timeline established in the Order Governing Proceedings. Therefore, Synovia's conduct throughout the course of this litigation also constitutes waiver of the venue defense.

Synovia argues that the Supreme Court issued a "watershed opinion on patent dispute venue" and the "precedent now set forth in *TC Heartland LLC* was not 'available' to Synovia" prior to May 22, 2017, when *TC Heartland* was issued (Dkt. #27 at 2). Synovia contends that the Supreme Court's recent holding in *TC Heartland* changed the law because it "overturned decades-

old precedent" established by the Federal Circuit's decision in *VE Holding Corporation v. Johnson Gas Appliance Company*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) (Dkt. #24 at 1–2). As such, Synovia maintains that it did not waive its improper venue defense because the defense could not have been asserted earlier.

Nonetheless, the Supreme Court's decision in *TC Heartland* does not constitute a change in the law. *See Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) (denying a motion to transfer venue under 28 U.S.C. § 1406)); *Navico, Inc.*, No. 2:16-cv-190, Dkt. #163 (citing *Cobalt Boats*, 2017 WL 2556679, at *3; *Elbit Sys.*, 2017 WL 2651618, at *20; *Chamberlin Grp., Inc. v. Techtronic Indus. Co.*, No 1:16-cv-6097, Dkt. #407 (N.D. Ill. June 28, 2017); *iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017); *Amax, Inc. v. ACCO Brands Corp.*, No. 16-CV-10695-NMG, 2017 WL2818986, at *3 (D. Mass. June 29, 2017); *Infrogation Corp. v. HTC Corp.*, 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) (denying a motion to transfer venue under 28 U.S.C. § 1406)); *Diem LLC v. BigCommerce, Inc.*, 6:17-cv-186, Dkt. #21 (E.D. Tex. July 6, 2017), *adopted by*, 6:17-cv-186, Dkt. #24 (E.D.Tex. July 26, 2017); *see also Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, Dkt. #215 (D. Del. July 19, 2017). *Contra Westech Aersol Corp. v. 3M Co.*, 3:13-cv-5067, 2017 WL 2671297, at *2 (E.D. Wash. June 21, 2107); *Hand Held Prods. Inc. v. Code Corp.*, 2:17-cv-167, Dkt. # 63 (D.S.C. July 18, 2017). The Supreme Court in *TC Heartland* reaffirmed its earlier holding found in *Fourco Glass Company v. Transmirra Products Corporation* that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." 353 U.S. 222, 229 (1957). *Accord Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Cobalt Boats*, 2017 WL 2556679, at *3); *Navico*, No. 2:16-cv-190, Dkt. #163, at *5.

Further, the Supreme Court in *TC Heartland* explained that in "*Fourco*, this Court definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation." *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S.Ct. 1514, 1520 (2014) (alteration in original).

While *VE Holding* allowed parties to use 28 U.S.C. § 1391(c) to establish venue, this holding did not overrule *Fourco* "because the Federal Circuit cannot overturn Supreme Court precedent." *Elbit Sys.*, 2017 WL 2651618, at *20 (citing *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983)). *Accord Navico, Inc.*, No. 2:16-cv-190, Dkt. #163. Accordingly, the defense of improper venue, based on § 1400(b)'s definition of residence established in *Fourco*, was available to Synovia, and has been available to all defendants, since 1957. *Id.*

Additionally, Synovia attempts to make a distinction between a motion to dismiss for improper venue under 12(b)(3) and a motion to transfer because of improper venue under 28 U.S.C. § 1406, arguing that under § 1406 a party must only timely object to venue. However, courts are finding waiver of the defense of improper venue in cases where the defendant seeks to transfer under 28 U.S.C. § 1406. *See, e.g.*, *Elbit Sys.*, 2017 WL 2651618, at *20 (beginning with a Rule 12 analysis to find waiver of the argument of improper venue under § 1406); *Navico, Inc.*, No. 2:16-cv-190, Dkt. #163; *iLife Techs. Inc.*, 2017 WL 2778006, at *7 (using a Rule 12 analysis when determining defendant waived its venue argument under Rule 12(b)(3) and, alternatively, 28 U.S.C. § 1406); *see also Amax, Inc.*, 2017 WL2818986, at *3 (finding that defendant abandoned the argument of improper venue under both 12(b)(3) and 28 U.S.C. § 1406).

Even if there is any distinction between the two, it does not matter in this case. Synovia waived its defense of improper venue under Federal Rule of Civil Procedure 12 and 28 U.S.C. §

6

1406. Aside from the fact that Synovia did not raise the issue of improper venue in its initial motion to dismiss, as required by Rule 12, Synovia also indicated that venue was proper and convenient in the Eastern District of Texas, and failed to file a timely venue motion under the Order Governing Proceedings. Even though the delay was due to the fact Synovia relied on the Federal Circuit's holding in *VE Holding* to determine whether venue was proper, it did so at its own risk of waiving the defense established under *Fourco*, which has now been reaffirmed by *TC Heartland*.

Finally, Synovia's waiver cannot be remedied by amending its motion to dismiss. Rule 15(a)(2) allows a party to amend its pleading with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(2). Courts "should freely give leave when justice so requires," although leave to amend under Rule 15 is "by no means automatic." *Id.*; *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). Courts may deny leave if there is any "apparent or declared reason" to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

As previously noted, Synovia waived its venue defense by failing to timely raise the argument, and its motion to amend is an attempt to circumvent this waiver. Because the defense is waived, an amendment would only remedy the waiver if it related back to the initial motion under Rule 15(c). Synovia contends that the amendment is proper because the argument was unavailable at the time it filed its initial motion to dismiss. However, as established above, the argument was available at the time Synovia filed its motion to dismiss. Synovia presents no other argument to

7

explain why the amendment would relate back to the time the initial motion was filed. Because Synovia has not established that it would relate back, an amendment would not cure Synovia's waiver of the venue argument. Accordingly, it would be futile and not in the interest of justice to amend the motion.

## CONCLUSION

It is therefore **ORDERED** that Synovia's Amended Motion for Leave to File Motion to Dismiss or Transfer Venue (Dkt. #24) is hereby **DENIED**. Additionally, Synovia's Motion for Leave to Amend Its Pending Motion to Dismiss Second Amended Complaint for Patent Infringement (Dkt. #28) is hereby **DENIED**.

**SIGNED this 31st day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE